**Dated: June 17, 2016**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

Sanders Nursery & Distribution Center, Inc.,          Case No. 15-81312- TRC
                                                      Chapter 11
                    Debtor.

## ORDER APPROVING DISCLOSURE STATEMENT

Before the Court is the question of approval of the Debtor's Disclosure Statement to Accompany First Amended Plan of Reorganization (Doc. 161), Limited Objection filed by Creditor BFN Operations, LLC (Doc. 172), and Response filed by Debtor (Doc. 173). The Court held a hearing on the Disclosure Statement on June 15, 2016. Appearing at the hearing were Mark Sanders on behalf of the Debtor, Katherine Vance on behalf of the U.S. Trustee, Steve Soulé on behalf of BFN Operations, LLC ("BFN"), and Mac Finlayson on behalf of the Official Committee of Unsecured Creditors. The Court has jurisdiction over this core matter pursuant to 28 U.S.C. § 1334 and 157(b)(2)(A), (L) and (O).

Previously, this Court held a hearing on Debtor's original Disclosure Statement filed April

1, 2016. No objections were filed to that statement. Nevertheless, Debtor informed the Court at the first hearing on May 11, 2016, that it had agreed to make some changes to the Plan and Disclosure Statement at the suggestion of BFN and others. Those changes were made and the revised Plan and accompanying Disclosure Statement were filed on May 23, 2016.

BFN filed a limited objection to the amended Disclosure Statement. BFN argues that the Disclosure Statement does not include adequate information to determine feasibility regarding Debtor's financial means to fund a 10 year payment plan. Debtor responds that projections of cash flow over that period would be of limited reliability and utility. Debtor also states that it has provided extensive financial information to BFN, including Debtor's accountants' "entire file." Debtor proposed a revision to Article XVI of the Disclosure Statement to include additional information regarding feasibility. Specifically, Debtor has pledged to borrow, collect receivables, and/or sell property to gain sufficient cash to make plan distributions.

Adequate information is defined in section 1125(a)(1) of the Bankruptcy Code as follows:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records ...that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan ... and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information ....

"The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)* 844 F.2d 1142, 1157 (5th Cir. 1988)(citations omitted). Judgments about whether the plan is feasible are generally issues reserved for plan

confirmation.[1]

The issue raised by BFN is primarily an objection to the feasibility of the plan's payout term. The Court believes this issue is more appropriate to address at the confirmation hearing. It appears that Debtor has provided substantial financial information thus far to BFN. Coupled with the Monthly Operating Reports filed of record, the Court believes that the Disclosure Statement provides adequate information for BFN to make an informed judgment about the plan. BFN has advised the Court that it does not think the Plan is confirmable. This indicates to the Court that BFN has sufficient information at least thus far to make a preliminary determination as to how it will vote on the Plan. Neither the U.S. Trustee nor the Unsecured Creditors Committee has objected to the adequacy of the Disclosure Statement. Therefore, under the circumstances of this case, the Court finds that the Disclosure Statement to accompany the First Amended Plan of Reorganization with the revision in Debtor's Response contains adequate information and should be approved.

IT IS THEREFORE ORDERED THAT Debtor's Disclosure Statement to Accompany First Amended Plan of Reorganization (Doc. 161) including the Revised language to Article XVI included in Debtor's Response (Doc. 173) is hereby **approved.**

The Court will enter a separate order and notice of the confirmation hearing.

### 

---

[1] *See In re Coastal Realty Investments, Inc.*, No. 12-20564, 2013 WL 214235, at *2 (Bankr. S.D. Ga. Jan. 17, 2013).